**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| CDN INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDIACOM COMMUNICATIONS CORPORATION,<br><br>        Defendant. | **Civil Action No. 4:22-cv-00138-CDL** |

**MEDIACOM'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. FACTUAL BACKGROUND ........................................................................................1

   A. Mediacom Is A Target of A Patent Assertion Campaign by CDN And Related Entities. ..............................................................................................................1

   B. The Instant Suit Follows Mediacom's Earlier-Filed Declaratory Judgment Suit in the District of Delaware..........................................................................................2

II. THE COURT SHOULD DISMISS THIS SECOND-FILED SUIT ...................................2

III. CONCLUSION ...................................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Collegiate Licensing Co. v. Am. Casualty Co. of Reading, Pa.*,
　713 F.3d 71 (11th Cir. 2013) ............................................................................................... 2

*Commc'ns Test Design, Inc. v. Contec, LLC*,
　952 F.3d 1356 (Fed. Cir. 2020) .................................................................................. 2, 3, 4

*Genentech, Inc. v. Eli Lilly & Co.*,
　998 F.2d 931 (Fed. Cir. 1993), Abrogated on other grounds by *Wilton v. Seven
　Falls Co.*, 515 U.S. 277 (1995) ............................................................................................. 3

*Infante v. Bank of Am. Corp.*,
　468 F. App'x 918 (11th Cir. Mar. 8, 2012) ........................................................................ 1

*Samsung Elecs. Am., Inc. v. Grecia*,
　525 F. Supp. 3d 590 (E.D. Pa. 2021) ................................................................................. 4

*In re Telebrands Corp.*,
　773 F. App'x 600 (Fed. Cir. 2016) ..................................................................................... 3

Mediacom hereby moves to dismiss the instant suit, which is duplicative of an earlier-filed suit between the parties.

I.     FACTUAL BACKGROUND

   A.    **Mediacom Is A Target of A Patent Assertion Campaign by CDN And Related Entities.**

Mediacom is a provider of internet, television, and video streaming services. On August 1, 2022, CDN sent a letter to Mediacom alleging that Mediacom is "infringing one or more claims" of eight patents within CDN's "significant patent portfolio related to content delivery networks and associated technology." (Ex. A.)[1] CDN provided a "non-exhaustive list of Infringing Products" and stated that "as a result of your actions, CDN and its predecessors have suffered and will continue to suffer patent infringement damages." (*Id.*)

Mediacom also received similar letters from some of CDN's sister entities, who are all commonly controlled by an entity called Brainbox Innovations. (*See* D.I. 2.) For example, in May 2022, Mediacom received a letter from sister company DataCloud Technologies, alleging infringement of various patents owned by that entity. (*See Mediacom Commc'ns Corp. v. DataCloud Techs.*, LLC, No. 1-22-cv-01194, D.I. 1 at ¶¶ 6, 8 (D. Del.).) Mediacom was also previously sued by another Brainbox entity, CommWorks Solutions, after receiving similar correspondence. (*CommWorks Solutions, LLC v. Mediacom Commc'ns Corp.*, No. 1-20-cv-07529, D.I. 1 ¶¶ 17-18 (S.D.N.Y.).)

---

[1] CDN's Complaint does not attach a copy of this letter, but makes repeated reference to it. (Compl. ¶¶ 34, 81, 93, 105.) Thus, it is appropriately considered in this motion to dismiss. *See, e.g.*, *Infante v. Bank of Am. Corp.*, 468 F. App'x 918, 921 n.2 (11th Cir. Mar. 8, 2012).

      **B.**      **The Instant Suit Follows Mediacom's Earlier-Filed Declaratory Judgment Suit in the District of Delaware.**

On September 9, 2022, in response to CDN's allegations, Mediacom filed suit in the District of Delaware (where it is incorporated) seeking declaratory judgment that it does not infringe the eight patents asserted by CDN in its letter, as well as declaratory judgment that the patents are invalid (hereinafter, "the Delaware DJ Suit"). (Ex. B, *Mediacom Commc'ns Corp. v. CDN Innovations, LLC*, No. 1-22-cv-01193, D.I. 1 (D. Del.).) CDN's response to Mediacom's Complaint is due on October 17.

On the business day following Mediacom's filing (September 12), CDN filed the instant suit. This case involves the same eight patents involved in the Delaware DJ Suit, plus one more related patent. Mediacom now moves to dismiss this second-filed suit.

**II.**      **THE COURT SHOULD DISMISS THIS SECOND-FILED SUIT**

Under the first-to-file rule, "[t]he general rule is that the first-filed action is preferred, even if it is declaratory." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020). The rule is "a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Id.* The Court of Appeals for the Federal Circuit applies its own law with respect to the first-filed rule because "the question of whether to accept or decline jurisdiction in an action for a declaration of patent rights in view of a later-filed suit for patent infringement impacts [its] mandate to promote national uniformity in patent practice." *Id.* In any event, the 11th Circuit's application of the first-filed rule is similar. *See, e.g., Collegiate Licensing Co. v. Am. Casualty Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013) ("[W]here two actions involving overlapping issues and parties are pending in two federal

2

courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." (internal quotations omitted)).

Here, the Delaware DJ Suit is the first-filed suit and, as such, is entitled to precedence over the instant suit.

To begin, the Delaware DJ Suit was filed earlier in time. *Commc'ns Test Design*, 952 F.3d at 1362 ("The filing date of an action derives from the filing of the complaint."). CDN's scramble to file this separate suit on the next day does not detract from the Delaware DJ Suit's status as the favored first-filed suit. *See, e.g.*, *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) ("[T]he rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by reasons just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits." (internal quotations omitted)).[2]

Moreover, the two cases cover nearly-identical subject matter—the patents and accused products are the same, with the exception of one additional patent in this suit (the '450 patent) that belongs to the same family as three of the patents at issue in both the Delaware DJ Suit and this suit (the '831, '157, and '227 patents) (Compl. ¶¶ 13-14). Where, as here, two cases "are the same or very similar, efficiency concerns dictate that only one court decide both cases"—and the "usual rule is for the court of first jurisdiction to resolve the issues." *See, e.g.*, *In re Telebrands Corp.*, 773 F. App'x 600, 602 (Fed. Cir. 2016).

There is no compelling reason to stray from the first-filed rule here. *See Genentech*, 998 F.2d at 938 (noting that while a district court can exercise discretion in applying the first-filed rule, "there must, however, be sound reason that would make it unjust or inefficient to continue the

---

[2] Abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).

first-filed action"). CDN bears the burden of showing that "considerations of judicial and litigant economy, and the just and effective disposition of disputes," require deviation from the first-filed rule. *Commc'ns Test Design*, 952 F.3d at 1362; *Samsung Elecs. Am., Inc. v. Grecia*, 525 F. Supp. 3d 590, 606 (E.D. Pa. 2021). The court can consider "a party's intention to preempt another's infringement suit, . . . the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation." *Commc'ns Test Design*, 952 F.3d at 1362. None of these factors favors the second-filed suit here.

First, Mediacom did not preempt an infringement suit. Rather, upon being targeted by the demand letter campaign of CDN and related entities, Mediacom duly took steps to resolve the patent assertion cloud. *Cf. Commc'ns Test Design*, 952 F.3d at 1363 (finding suit anticipatory where, unlike here, patentee had provided draft Complaint to accused infringer and communicated its intent to file by a date certain, and accused infringer indicated its desire to continue pre-suit negotiations but then filed suit instead). Second, Delaware is a more convenient forum for the parties' suit. Mediacom's operations and knowledgeable personnel are based primarily in New York; CDN's counsel is based in Delaware. Indeed, CDN has filed thirteen suits before the instant suit—in no instance did it file in this District. (*See* Ex. B ¶ 25.) Finally, there is no potential for consolidation here because there is no pending related litigation in this District, and Mediacom does not believe there are any jurisdictional issues in Delaware.

### III.    CONCLUSION

Mediacom requests that the Court dismiss with prejudice this second-filed suit.

Respectfully submitted this 13th day of October, 2022.

*/s/ Coby S. Nixon*
Coby S. Nixon
cnixon@taylorenglish.com
Seth K. Trimble

4

strimble@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Phone: (770) 434-6868
Fax: (770) 434-7376

Amr O. Aly *(pro hac application forthcoming)*
aaly@jenner.com
Yusuf Esat *(pro hac application forthcoming)*
yesat@jenner.com
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY  10036-2711
Phone: (212) 891-1600
Fax: (212) 891-1699

*Attorneys for Defendant*

5