IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CDN INNOVATIONS, LLC, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:22-CV-138 (CDL) |
| MEDIACOM COMMUNICATIONS CORPORATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

O R D E R

Plaintiff CDN Innovations, LLC claims that Defendant Mediacom Communications Corporation infringed several of its patents. After CDN sent Mediacom a letter seeking to resolve the issue without litigation, Mediacom filed a declaratory judgment action in the United States District Court for the District of Delaware, challenging those patents' validity and seeking a declaration of noninfringement. CDN then filed this patent infringement action. It is undisputed that these actions involve the same parties and substantially overlapping issues. Mediacom moves to dismiss this action, arguing that the District of Delaware must resolve this dispute (ECF No. 6).

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*,

430 F.3d 1132, 1135 (11th Cir. 2005); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982) (affirming the district court's dismissal of the second-filed action to enforce this rule).[1]  To warrant an exception to the first-filed rule, the party objecting to jurisdiction in the first-filed forum must demonstrate that "compelling circumstances" exist.  *Manuel*, 430 F.3d at 1135 (internal quotation marks omitted) (quoting *Haydu*, 675 F.2d at 1174).  CDN seeks an exception based upon: (1) the "anticipatory suit exception," in which "one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum" and (2) the 28 U.S.C. § 1404(a) convenience factors.  *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 79 (11th Cir. 2013).

The Court finds that CDN has failed to carry its burden for an exception to the first-filed rule.  While Mediacom arguably filed its declaratory judgment action knowing that CDN may possibly pursue litigation against it, the Court does not find Mediacom's exercise of its right to pursue such legal action to be a compelling reason for ignoring the first-filed rule here.  CDN had

---

[1] Although the parties contend that precedent from the United States Court of Appeals for the Federal Circuit governs this dispute, the Federal Circuit reviews procedural issues not unique to patent law under regional circuit precedent. *Versata Software, Inc. v. Callidus Software, Inc.*, 780 F.3d 1134, 1136 (Fed. Cir. 2015); *see In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1311 n.2 (Fed. Cir. 2020) (accepting the district court's application of regional circuit precedent to its first-filed rule analysis).

not yet threatened to file a lawsuit and had expressed a desire to resolve the dispute outside the litigation context. Mediacom Mot. to Dismiss Ex. A, Letter from Timothy Devlin to Joseph Young 2 (Aug. 1, 2022), ECF No. 6-2.[2] The present record does not support the conclusion that a lawsuit by CDN was imminent. Knowledge of a legal dispute that could possibly result in litigation is not a compelling reason to deviate from the well-established first-filed rule.

    The Court further finds that the § 1404(a) convenience factors do not support an exception to the first-filed rule. *See Manuel*, 430 F.3d at 1135 n.1 (providing such factors). CDN is based in Alpharetta, Georgia and Mediacom is a Delaware corporation with its principal place of business in Chester, New York. Each party claims that its potential witnesses live closer to its preferred forum than the other. Because travel to either Delaware or Georgia would equally inconvenience one party and its witnesses, this factor is neutral. Given the availability of electronic discovery and CDN's failure to identify any specific documents or other evidence that could not be conveniently accessed whether this

---

[2] "[W]here a document . . . is central to the plaintiff's claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss, [the] Court may consider that document" with the complaint and its attachments. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015). CDN refers to this letter throughout its complaint and relies on Mediacom's attachment to oppose this motion, so the Court may consider this letter.

3

dispute is litigated in Delaware or Georgia, this factor is also neutral.

The Court further finds that the relative means of the parties does not weigh in favor of litigating this dispute in Georgia. CDN appears to be litigating the Delaware action unhindered by a lack of means.

Finally, the operative facts are not concentrated in a single forum; thus this factor is neutral. And it appears obvious that choice of forum is a neutral factor in this context given that each party prefers a different forum. In summary, the convenience factors simply do not compel the conclusion that this action should be litigated in Georgia instead of Delaware where the action was first filed.

Because CDN has failed to provide compelling reasons for deviating from the first-filed rule, the Court must defer to the District of Delaware action. Instead of dismissing this present action, however, the Court stays it until the Delaware Court decides the motion to dismiss pending there. The parties shall promptly notify this Court when that motion is decided. Upon such notification, this Court will lift the stay and either dismiss this action or require the parties to submit a scheduling order, depending upon whether the Delaware action has been dismissed. The pending motion to dismiss in this Court (ECF No. 6) shall be terminated by the Clerk.

IT IS SO ORDERED, this 14th day of December, 2022.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA